# EXHIBIT 1

Michael Karns, Esq. (SBN 232256)
William Karns, Esq. (SBN 238599)
Karns & Karns, LLP
800 W. 6th St., Ste. 800
Los Angeles, CA 90017
Tel: (310) 623-9032
Fax: (310) 623-9033
Email: firm@karnsandkarns.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| KARNS & KARNS, LLP, a Limited Liability Partnership;<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>QUINTESSA MARKETING, LLC, an Oklahoma Limited Liability Company; and DOES 1 through 100, Inclusive;<br><br>　　　　　Defendants. | Case No.:<br><br>Assigned to Hon.<br><br>**COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES:**<br><br>　1. **BREACH OF CONTRACT**<br>　2. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br>　3. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ**<br>　4. **CONVERSION**<br><br>AMOUNT IN CONTROVERSY EXCEEDS $25,000.00<br><br>DEMAND FOR JURY TRIAL<br><br>Complaint Filed:<br>Trial Date: |

COMES NOW Plaintiff KARNS & KARNS, LLP, a Limited Liability Partnership, for causes of action against the defendants, and each of them, alleges:

1

COMPLAINT FOR DAMAGES

## PARTIES

1. Plaintiff KARNS & KARNS, LLP (hereinafter "KARNS & KARNS" or "Plaintiff," unless provided otherwise) is, and at all relevant times mentioned herein was, a limited liability partnership, engaged in the business of providing legal counsel, organized and existing under the law of the State of California, with its principal place of business located in the County of Los Angeles, State of California.

2. Plaintiff is informed, believes, and thereon alleges that Defendant QUINTESSA MARKETING LLC (hereinafter Defendant "QUINTESSA") was, and is, a limited liability company, with its headquarters and principal place of business located in the City of Oklahoma City, Oklahoma, authorized to do, has regularly, done and is doing, business as a lead generation marketing company within the County of Los Angeles, California

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1 through 100, inclusive, are unknown to Plaintiff at this time, and therefore said Defendants are sued by such fictitious names. Plaintiff will seek to leave to amend this Complaint to insert the true names and capacities of said Defendants when the same becomes known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

4. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

## JURISDICTION AND VENUE

5. This action arises under California law and the amount in controversy exceeds the minimum sum required for jurisdiction in the Superior Court of the State of California.

1  6.     Jurisdiction is proper pursuant to Code of Civil Procedure §410.10 because the Superior Court of the State of California exercising their jurisdiction on this matter is not inconsistent with the Constitution of this state or of the United States.

7.     This Court also has jurisdiction over the Defendant because the Defendant, by operating a company that routinely and willingly conducts business in California, intentionally availed themselves to the California market so as to render the exercise of jurisdiction over the Defendant by the California courts consistent with traditional notions of fair play and substantial justice.

8.     Venue as to the Defendant is proper in the County of Los Angeles, pursuant to Code of Civil Procedure §§ 395(a) and 395.5 because Los Angeles County is the county where the contract at issue was entered into, to be performed, and where the obligation or liability arose. Defendant maintains offices, transacts business, and/or has agents in Los Angeles County. Defendant provides numerous services in Los Angeles County as well as in other counties within the State of California.  Defendant's wrongful conduct alleged herein occurred in the County of Los Angeles, State of California.

## FACTUAL ALLEGATIONS

9.     On or around April 10, 2020, Plaintiff entered into a contractual agreement ("Contract") with Defendant QUINTESSA to provide pre-qualified leads for Plaintiff's business throughout California.

10.    According to the Contract, Plaintiff agreed to pay and did in fact pay to Defendant $3,000.00 to $5,500 per qualified lead that was provided by Defendant to Plaintiff.

11.    The Contract also included terms that gave Plaintiff the opportunity to evaluate the quality of each lead and the liberty to turn down or disengage any lead in exchange for a full refund so long as the decision to turn down the lead fell under one or more of the approved reasons which were also detailed in the Contract.

12.    Pursuant to the agreement between Plaintiff and Defendant QUINTESSA, the approved reasons for turning down or disengaging a lead were as follows:

- More than 50% at fault

- Property Damage of Minor Impact
- Defendant is Uninsured and has no PC UM
- Prop 213 – unless injuries result in pain management, broken bones, death etc.
- No medical treatment within 14 days of injury
- If no insurance policy is found, Karns & Karns will have 21 days to find.

13. Throughout the course of their business relationship, Plaintiff appropriately and within their rights under the Contract exercised this provision to turn down leads that were provided by Defendant. However, Defendant has failed to fully reimburse Plaintiff for the total amount of the turned down or disengaged leads, despite their agreement.

14. As a result, Plaintiff contends at this time that Defendant QUINTESSA be required to perform the terms of the agreement which includes the complete payment of all monies owed to Plaintiff for turned down or disengaged leads, in the total amount of $585,500.00.

## FIRST CAUSE OF ACTION FOR
## BREACH OF CONTRACT

**(By Plaintiff KARNS & KARNS against Defendant QUINTESSA and Does 1 through 100)**

15. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

16. On or about April 10, 2020, Plaintiff KARNS & KARNS and Defendant QUINTESSA entered into a written contract as described here and attached as Exhibit A ("Contract").

17. Defendant QUINTESSA has since breached the terms of the Contract by failing to perform their part of the agreement which was to fully credit back Plaintiff's Campaign for leads that were turned down or disengaged by Plaintiff.

18. Plaintiff has fully performed all conditions, covenants, and promises required on their part to be performed in accordance with the Contract.

19. Plaintiff has not violated any terms of the Contract to warrant an excuse of performance by Defendant QUINTESSA.

20. By entering into the Contract, Defendant QUINTESSA expressly agreed to abide by the terms of those agreements with Plaintiff. Defendant QUINTESSA has materially breached the Contract by failing to fully reimburse what is owed to Plaintiff in the amount of $585,500.00.

21. As a direct and proximate result of Defendant QUINTESSA's breach as described herein, Plaintiff has been damaged in the amount to conform to proof at trial, but not less than $585,500.00, plus interest as allowed by law, and attorney's fees and costs as provided by law.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

**(By Plaintiff KARNS & KARNS, against Defendant QUINTESSA and Does 1 through 100)**

22. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

23. On or about April 10, 2020, Plaintiff and Defendant, QUINTESSA entered into a written contract as described here.

24. Defendant QUINTESSA breached the Contract by failing to perform their part of the agreement which was to fully credit back Plaintiff's Campaign for leads that were turned down or disengaged by Plaintiff.

25. Plaintiff has fully performed all conditions, covenants, and promises required on her part to be performed in accordance with the Contract.

26. Implicit in every contract is the covenant of good faith and fair dealing obligating the parties to act towards each other in good faith, to deal fairly with one another, to make all material disclosures, and not to do anything which might deprive the other of the expectation and benefits of the contract and obligating each party to do everything that the contract presupposes to accomplish its purposes. For the reasons stated herein, Defendant, QUINTESSA has breached the covenant of good faith and fair dealing.

27. As a direct and proximate result of Defendant QUINTESSA's breach of the implied covenant of good faith and fair dealings found in the agreement, Plaintiff has been damaged in the amount to conform to proof at trial, but not less than $585,500.00, plus interest as allowed by law, and attorney's fees and costs as provided by law.

## THIRD CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ. (UNFAIR BUSINESS PRACTICES)

**(By Plaintiff KARNS & KARNS, against Defendant QUINTESSA and Does 1 through 100)**

28.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

29.     Plaintiff is informed and believes, and on that basis alleges, that Defendant's aforesaid acts constitute actionable wrongs under California Bus. & Prof. Code § 17200 et seq. in that the Defendant used unfair business practices during the course of its business.

30.     Plaintiff is informed and believes, and on that basis alleges, that the Defendant performed the aforementioned actions to obtain an unfair benefit for its business.

31.     By reasons of the foregoing unlawful acts, Defendant has caused, and continues to cause, substantial damage and injury to Plaintiff. Defendant has benefitted from such unlawful conduct, and will continue to carry out such wrongful conduct and to be unjustly enriched thereby unless enjoined by this court.

## FOURTH CAUSE OF ACTION

## CONVERSION

**(By Plaintiff KARNS & KARNS, against Defendant QUINTESSA and Does 1 through 100)**

32.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

33.     Plaintiff was the rightful owner of $585,500.00, the monies entrusted in Defendant's custody and care for providing qualified leads.

34.     Defendant interfered with Plaintiff's ownership and possession of $585,500.00 by refusing to return the $585,500.00 after Plaintiff demanded its return.

35.     Plaintiff did not consent to Defendant's refusing to return the funds.

36.     As a proximate and direct result of Defendant's wrongful conduct, Plaintiff has sustained damage in the amount to conform to proof at trial plus interest as allowed by law, and attorney's fees and costs as provided by law.

**PRAYER FOR DAMAGES**

WHEREFORE, Plaintiff KARNS & KARNS, LLP hereby prays for judgment against Defendants QUINTESSA MARKETING LLC, and DOES 1 to 100, inclusive, and each of them, as follows:

1. For an award of general and special damages according to proof;
2. For attorneys fees according to proof;
3. Injunctive and other equitable relief;
4. For costs of suit incurred; and
5. For such other and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff KARNS & KARNS, LLP hereby demands a trial by jury as to all causes of action.

Dated: March 14, 2023                    Karns & Karns, LLP

By: _____
WILLIAM KARNS
Karns & Karns, LLP

# EXHIBIT 2



```
9590 9402 7342 2028 7671 25
```

**United States Postal Service**

- Sender: Please print your name, address, and ZIP+4® in this box•

K+K
800 W. 6th St. #800
Los Angeles, CA
90017

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Quintessa Marketing
c/o Lauren McNeil
1900 NW Expressway, #1600
Oklahoma City, OK 73118



9590 9402 7342 2028 7671 25

2. Article Number (Transfer from service label)

7021 0950 0002 1365 3398

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
  ☐ Addressee

B. Received by (Printed Name): Lauren Mingee
C. Date of Delivery: 05/08/23

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053  Domestic Return Receipt